FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 9:13 am, Jun 09, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CLEVELAND ENMON, | |
| Movant, | CIVIL ACTION NO.: 2:18-cv-7 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:13-cr-4) |
| Respondent. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Cleveland Enmon ("Enmon"), who is currently housed at the Yazoo City Correctional Institution-Low in Yazoo City, Mississippi, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. The Government filed a Motion to Dismiss, and Enmon filed a Response. Docs. 5, 7. Enmon also filed a Motion for Discovery. Doc. 10. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Enmon's § 2255 Motion, and **DENY as moot** his Motion for Discovery. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Enmon *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Enmon was indicted on 92 counts involving charges of: conspiracy to unlawfully dispense controlled substances, in violation of 21 U.S.C. § 846; unlawful dispensation of controlled substances, in violation of 21 U.S.C. § 841(a)(1); money laundering over $10,000, in violation of 18 U.S.C. § 1957; and aiding and abetting, in violation 18 U.S.C. § 2, stemming

from his operation of "pill mills" in Brunswick and Jesup, Georgia.  United States v. Enmon, 2:13-cr-4 ("Crim. Case"), Doc. 1.[1]  Steven Beauvais was appointed to represent Enmon in his criminal proceedings.  Crim. Case, Doc. 8.  After two Faretta[2] hearings and a three-day trial, a jury found Enmon guilty of all 92 charges.  Crim. Case, Docs. 70, 78, 77, 80.  Mr. Beauvais remained as standby counsel.  Crim. Case, Doc. 47.  After the jury verdict was rendered, Mr. Beauvais filed a preliminary motion for new trial, and Enmon later filed a pro se motion to vacate his conviction.  Crim. Case, Docs. 82, 92.  In his motion to vacate, Enmon argued then United States Magistrate Judge James Graham acted in bad faith to illegally take Enmon's assets and to "further conceal these illegal activities . . . ."  Crim. Case, Doc. 92 at 2.  The Honorable Lisa Godbey Wood denied both of these motions, finding them to be "wholly without merit."  Crim. Case, Doc. 98 at 2.

Judge Wood conducted another Faretta hearing during Enmon's sentencing hearing, and Judge Wood granted his request to represent himself with Mr. Beauvais once again serving as standby counsel.  Crim. Case, Docs. 100, 120.  Judge Wood adopted the Probation Office's finding of a total offense level of 43 with a criminal history category of I.  Enmon's advisory Guidelines sentence was 16,260 months (or 1,355 years) in prison, and the Probation Office recommended the Court impose a sentence of 360 months.  Judge Wood considered the factors of 18 U.S.C. § 3553 and sentenced Enmon to 240 months' imprisonment.  Crim. Case, Doc. 101.

---

[1]  Enmon was charged by superseding indictment in Case Number 2:12-cr-2, along with four other individuals, of: conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); money laundering over $10,000, in violation of 18 U.S.C. § 1957; and aiding and abetting, in violation 18 U.S.C. § 2.  Case No. 2:12-cr-2, Doc. 9.  The Government moved to dismiss the superseding indictment against Enmon based on his indictment in Case Number 2:13-cr-4.  Id. at Doc. 237.  The Court granted the Government's motion.  Id. at Doc. 250.

[2]  Faretta v. California, 422 U.S. 806 (1975), holding that a defendant in a criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so and a lawyer may not be forced upon him when he insists that he wants to conduct his own defense.

2

Enmon filed a pro se notice of appeal, and Mr. Beauvais acted in a standby capacity. Crim. Case, Doc. 99. The Eleventh Circuit Court of Appeals appointed the Federal Defenders Program of the Northern District of Georgia to represent Enmon on appeal. Crim. Case, Doc. 139. On appeal, Enmon raised various grounds. Enmon asserted the district court committed plain error by instructing the jury that his good faith belief that he was acting in the usual course of professional practice was irrelevant and by giving the jury a general verdict form. Enmon challenged the district court's decision to allow him to represent himself at trial and at sentencing. Additionally, he claimed the Government presented insufficient evidence regarding the standard of medical care in Georgia. Lastly, Enmon contended his 240-month sentence was substantively unreasonable. United States v. Enmon, 686 F. App'x 769, 770 (11th Cir. 2017).

The Eleventh Circuit Court of Appeals determined the trial court did not plainly err as to the given jury instruction or as to the general verdict form. Id. at 773–74. In addition, the Eleventh Circuit observed this Court conducted three separate Faretta hearings, warned Enmon of the dangers of self-representation, and reminded him of the severity of the charges and penalties he faced. The Eleventh Circuit also observed Enmon swore under oath on each occasion he understood the risks, and his waiver was knowing and voluntary. Thus, the Eleventh Circuit found no error. Id. at 776. In addition, the Eleventh Circuit found Enmon did not meet the miscarriage of justice standard relating to his sufficiency of evidence claim and recounted the extensive evidence, including testimony of 28 witnesses, Enmon's own testimony, and other evidence the Government presented to the jury. Id. at 777. And lastly, the Eleventh Circuit rejected Enmon's enumeration regarding his 240-month sentence, finding his sentence to be well below the advisory Guidelines' recommendation of 16,260 months—a variance which was "an

indicator of reasonableness"—and rejecting his disparity argument because he did not present a "suitable, comparable case." Id. at 778.

The United States Supreme Court denied Enmon's petition for writ of certiorari. Enmon v. United States, ___ U.S. ___, 138 S. Ct. 254 (2017). Enmon then filed this § 2255 Motion. It is fully briefed and ready for this Court's review.

## DISCUSSION

### I. Whether Enmon's Claims Are Procedurally Defaulted

Enmon raises four enumerations of error in his § 2255 Motion. He contends former United States Magistrate Judge James Graham "wrote" unsigned warrants authorizing the seizure of Enmon's assets and that Judge Graham had a financial interest in this case. Doc. 1 at 4. Enmon contends the Court's Order in 2:15-mc-3 ordered Judge Graham off Enmon's criminal case because of Judge Graham's alleged unlawful actions,. Id. Relatedly, Enmon states the Government withheld evidence of the Order in 2:15-mc-3, which is a Brady violation.[3]  Id. at 8. In addition, Enmon asserts the Assistant United States Attorneys who prosecuted this case committed a fraud against the Court because they presented a "fake sex for narcotics case. . . ." Id. at 5. Further, Enmon contends he is actually innocent of the charged offenses because he never had sexual relations with a prostitute in exchange for medical services. Id. at 6–7.

In response, the Government contends Enmon procedurally defaulted these claims because he failed to raise them on direct appeal. Doc. 5 at 1. The Government alternatively asserts Enmon's claims are without merit. Id. at 20.

---

[3]  "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963).

4

A district court is authorized by 28 U.S.C. § 2255 to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  However, a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  As recognized in Lynn, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Id. at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).  A movant must assert all available challenges on direct appeal.  See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).  Claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent a showing of "cause for the default and actual prejudice resulting from the alleged error" or a showing of a fundamental miscarriage of justice that "'probably resulted in the conviction of one who is actually innocent[.]'"  Id. (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

A movant must show some external impediment prevented counsel from raising a claim on appeal to establish "cause."  Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1990).  A movant demonstrating prejudice "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1982) (emphases omitted).  To show actual innocence, a movant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror

5

would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations and citation omitted).

Enmon, through his appointed appellate counsel, did not raise any of these grounds on direct appeal. See Enmon, 686 F. App'x at 769. Enmon could have done so, as he and his attorneys had all the facts needed to raise these issues on appeal. Mills, 36 F.3d at 1055 ("A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development.") Thus, Enmon has procedurally defaulted these claims. The Court must now determine whether Enmon meets the cause and prejudice or fundamental miscarriage standards to excuse his procedural default, even though he makes no assertions to assist the Court's determination on these issues.

### A. Cause and Prejudice

As noted above, "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay, 657 F.3d at 1196 (internal citation and punctuation omitted). The procedural default rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). A defendant can overcome "application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (internal citation omitted) (alteration in original).

An allegation of ineffective assistance of counsel can be "cause" to excuse procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). However, "in order to constitute cause,

6

ineffective assistance claims must have merit." Reynolds v. United States, No. CR 106-081, 2010 WL 1006257, at *4 (S.D. Ga. Jan. 26, 2010) (citing United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000), *report and recommendation adopted*, No. CV 109-061, 2010 WL 1006253 (S.D. Ga. Mar. 17, 2010). Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings. Strickland v. Washington, 466 U.S. 668 (1984). This right extends to an appeal, Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result of that deficient performance. Id. at 685–86.

Of note here, counsel is not ineffective when she fails to raise a frivolous argument on appeal. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992). In other words, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988). The Sixth Amendment requires appellate advocates to raise every non-frivolous issue. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

Enmon's claims regarding former Magistrate Judge Graham—the unsigned warrants used to seize Enmon's assets, having a financial interest in the case, the Order in 2:15-mc-3 serving as punishment for Judge Graham having acted improperly, and the Government's alleged failure to disclose this Order to Enmon—are wholly without merit. Enmon raised issues concerning Judge Graham before Judge Wood, and Judge Wood found these claims unsupported. Crim. Case, Doc. 92 (pro se motion to vacate sentence accusing Judge Graham of acting in bad faith to illegally take his assets and warrants should be deemed invalid); Doc. 98 (Order denying motion

7

as "wholly without merit[]"); Doc. 128 at 34 (Enmon making similar allegations about Judge Graham at sentencing). Additionally, the Order in 2:15-mc-3 which Enmon cites is an Order assigning all cases to Judge Graham's successor to the bench when Judge Graham retired from federal service. Case No. 215-mc-3. In no way was this Order a commentary on Judge Graham's years of service or actions taken from the bench, in Enmon's criminal case or any other case. Further, this Order is a matter of public record, and the Government cannot be deemed to have violated Enmon's rights by failing to disclose this Order to him. Indeed, the Order was referenced on the electronic docket in Enmon's criminal case when the case was reassigned to Judge Graham's successor. See Crim. Case, Dkt. entry dated Feb. 6, 2015.[4] Even more importantly, this Order cannot be considered Brady material, and the Government had no duty to disclose it to Enmon. Finally, all of Enmon's allegations against Judge Graham are purely conclusory. A petitioner "is not entitled to habeas relief 'when his claims are merely conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (quoting Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).

Enmon's contentions regarding the Government committing a fraud on this Court (i.e., presenting a fake "sex for narcotics" case based on evidence of Enmon having sex with a prostitute in exchange for drugs) and his actual innocence (i.e., because he did not have sexual relations with a prostitute in exchange for medical services) are equally without merit. Doc. 1 at

---

[4] Notably, this Order was issued and referenced in Enmon's criminal case approximately one year before Enmon filed his opening appellate brief in his direct appeal, demonstrating he could have raised the issue on appeal.

8

5. The Government called a witness, Jill Tyre, who testified she paid a prostitute to have sex with Enmon in exchange for a prescription. Doc. 125 at 239–41, 245; Crim. Case, Doc. 147 at 6–7. Enmon had the opportunity to cross-examine Ms. Tyre, which he did. Crim. Case, Doc. 125 at 242–49. The jury convicted Enmon of all 92 counts of the indictment, including any charge relating to Ms. Tyre, and he provides nothing to support his claims in this regard.

The grounds Enmon raises in his § 2255 Motion would have been frivolous grounds for appeal, and his appellate counsel was not ineffective for failing to raise these issues. Accordingly, Enmon does not establish cause and prejudice to excuse his procedural default of these claims.

### B.     Miscarriage of Justice/Actual Innocence

As another way to overcome his procedural default, Enmon could show a miscarriage of justice occurred, i.e., his actual innocence. McKay, 657 F.3d at 1196. "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. Enmon has done nothing to demonstrate actual innocence.

The only argument Enmon raises in this regard is that he is actually innocent of a "sex for narcotics" case because he did not have sex with a prostitute in exchange for medical services. However, as discussed above, such an argument is without merit. On appeal, the Eleventh Circuit determined there was sufficient evidence supporting Enmon's convictions and that Enmon did not meet the miscarriage of justice standard. Enmon, 686 F. App'x at 777. In so doing, the Eleventh Circuit noted the Government called 28 witnesses in support of its case-in-chief, and that court even noted Enmon's own testimony. Indeed, evidence concerning Ms. Tyre

paying a prostitute to have sex with Enmon in exchange for a prescription was dwarfed by overwhelming evidence supporting Enmon's conviction on the 92 charges. Any assertion that Enmon meets the miscarriage of justice/actual innocence exception to excuse his procedural default of his claims is without merit.

The Court should **DENY** Enmon's § 2255 Motion in its entirety.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Enmon leave to appeal *in forma pauperis*. Though Enmon has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the

10

Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Enmon's Motion and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Enmon a Certificate of Appealability, Enmon is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Enmon's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Enmon a Certificate of Appealability and *in forma pauperis* status on appeal.  I **DENY as moot** Enmon' Motion for Discovery.  Doc. 10.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Enmon and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA